IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

RENEE SOBEL
419 South Taney Street
Philadelphia, PA 19146

Plaintiff,

v.

AU BON PAIN COMPANY, INC.
One Au Bon Pain Way
Boston, MA 02210
C/O C T Corporation System
1635 Market Street
Philadelphia, PA 19103

Defendant.

Case Number 2:08-cv-2659

AMENDED COMPLAINT

1. Plaintiff Renee Sobel ("Sobel") is an individual residing at 419 South Taney Street in Philadelphia, Pennsylvania 19146.

2. Defendant Au Bon Pain Company, Incorporated is a Massachusetts Corporation doing business in the City and County of Philadelphia.

3. At all times material hereto, the defendant leased and operated a restaurant on the premises of Thirtieth Street Station, in the City and County of Philadelphia.

4. At all times material hereto, Sobel was a business invitee of the defendant.

5. On or about May 16, 2006, Sobel was shopping at the defendant's premises at Thirtieth Street Station when she came into contact with the dangerous, defective and hazardous condition of the property, specifically an underfoot assault of slippery substance, and sustained severe injuries hereinafter more fully set forth. Sobel slipped in the substance on Defendant's floor, and immediately fell to the ground.

6. At all times material hereto, the dangerous, defective, and hazardous conditions of the floor rendered the premises unsafe, and the defendant had actual and constructive knowledge thereof.

7. Sobel was completely without fault under the circumstances, and the defendant's negligence was the sole, proximate cause of the damage to her, but for which such damage would not have occurred.

**COUNT I**

**RENEE SOBEL V. AU BON PAIN COMPANY, INC.**

The allegations set forth in paragraphs 1 through 7 above are incorporated as if set forth herein at length.

8. The carelessness and negligence of the defendant consisted of the following, without limitation:

(a) Failing to warn invitees of the said dangerous, defective, and hazardous conditions;

(b) Failing to adequately and properly maintain, illuminate, and inspect the said premises;

(c) Failing to place barriers, markings, or other warning signs and/or devices in, on, or about said premises;

(d) Failing to place the no-skid mats that the defendant usually puts on the floors under said circumstances;

(e) Creating, causing, and permitting a dangerous, defective, and hazardous condition, which constituted a danger, nuisance, and snare, to exist in, on, and about the premises, which the defendant knew, and should have known, involved an

unreasonable risk of harm to invitees of the premises;

(f) Otherwise failing to exercise due care and failing to protect the rights and safety of invitees;

(g) Failing to provide and maintain proper areas of travel, ingress, and egress on and about the premises;

(h) Creating and permitting a foreseeable risk of harm; and,

(i) Failing to properly clean, illuminate, place mats or take other proper measures after actual and constructive notice of the said dangerous, defective, and hazardous condition.

9. By reason of the aforesaid negligence of the defendant as hereinbefore alleged, Sobel suffered injuries to her head, neck, back, arms, legs and body; she suffered injuries to the bones, muscles, tendons, ligaments, nerves and tissues of her head, neck, back arms, legs and body, nervous shock and aggravation and/or exacerbation of all known and unknown pre-existing medical conditions. Sobel suffered internal injuries of an unknown nature; she suffered severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries the full extent of which is not yet known. Most specifically, Sobel suffered a very painful three-part fracture of the proximal humerus. Further, the numerous x-rays to which Sobel was exposed due to the injury have caused, and will cause in the future, personal injury such as an increased risk of cancer.

10. As a direct and proximate result of the aforesaid occurrence, Sobel has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend sums of money for medicine and medical attention and may be required to expend additional

sums for the same purpose in the future.

11. As a direct and proximate result of the aforesaid occurrence, Sobel has been prevented from attending to her usual duties, and may be prevented for an indefinite period of time in the future, all to her great detriment and loss.

12. As a direct and proximate result of the aforesaid occurrence, Sobel has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, Plaintiff Renee Sobel demands damages of Defendant in a sum to be determined at trial, plus costs, and all other appropriate relief.

HOCHBERG, LEVIN & ZEIGER, LLP

BY: Jay A Hochberg

Jay A. Hochberg, Esquire

## Verification

I, Renee Sobel, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I also understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

17 December 2008
DATE

Renee Sobel
Renee Sobel

## Certificate of Service

I, Jay A. Hochberg, Esquire, hereby state that I am the attorney for the Plaintiff in this action and certify that I have on this date served the foregoing document to Defendant's counsel via facsimile and via first class United States Mail to the following address:

Mr. Daniel J. Maher
Baginski, Mezzanotte, Hasson and Rubinate
Suite 500 Public Ledger Building
150 South Independence Mall West
Philadelphia, PA 19106-3476

12/22/08
DATE

Jay A Hochberg
JAY A. HOCHBERG